THE KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* BOYD.

4-6150 146 S. W. 2d 535

Opinion delivered January 13, 1941.

*James B. McDonough* and *Joseph R. Brown,* for appellant.

*Wesley Howard,* for appellee.

HUMPHREYS, J. Appellee brought suit for $100 in a justice of the peace court in Sevier county against appellant for killing his bird dog on September 18, 1939, about seven o'clock p. m., in DeQueen, Arkansas, by the alleged negligent operation of its south-bound passenger train.

The justice of the peace rendered judgment for said amount in favor of appellee against appellant from which an appeal was taken to the circuit court of Sevier county where the cause was tried to a jury on the 14th day of February, 1940, with the result that the jury returned a verdict of $50 against appellant, upon which the court rendered a judgment in favor of appellee for said sum, from which is this appeal.

Appellant contends for a reversal of the judgment upon two grounds: first, that there is no substantial evidence in the record to sustain the verdict and judgment, and second, that instruction No. 8 given at the request of appellee is in conflict with instruction No. 8 given at the request of appellant.

(1) The testimony introduced by appellee reflects that the dog was standing between the rails on the track fifty or seventy-five feet south of a crossing which was about one-fourth mile south of the depot; that the train was being pulled by a steam engine with the headlight burning; that the track was straight; that no stock alarm or distress signal was given; that the whistle was blown at the depot, but not at the other crossings two of which

were between the depot and where the dog was killed; that the train struck the dog, killed him and threw him off the track four to six feet on the east side thereof; that the dog belonged to appellee and, in the opinion of various witnesses familiar with the value of bird dogs, was worth from $25 to $100.

The testimony introduced by appellant was to the effect that they were keeping a constant lookout and giving the statutory signals required when they approached the point where the dog was claimed to be standing; that they could have seen the dog had he been there and stopped the train before hitting him, but that no dog was there and that the train ran over no dog.

There is ample, substantial evidence to sustain the verdict and judgment. According to one witness he saw the train hit and kill the dog and that he heard no signals or warning of the approach of the train. Other witnesses testified that no signals or warnings were given. The evidence is undisputed that the track was straight and the headlight burning and that the engineer and fireman could have seen the dog standing between the rails on the track and could have stopped the train before it hit the dog had they been keeping a constant lookout as required by the statutes of the state. Pope's Dig., § 11144.

No error was committed by the trial court in refusing to peremptorily instruct a verdict for appellant at the conclusion of the evidence.

(2) Appellant makes the further contention that instruction No. 8 given by the court at the request of appellee was in conflict with instruction No. 8 given by the court at the request of appellant.

Instruction No. 8 given by the court at the request of appellee is as follows: "You are instructed that if you find from a fair preponderance of the evidence in the case that the defendant railroad company negligently killed the plaintiff's dog by the operation of one of its trains, your verdict should be for the plaintiff, and you are directed to assess the damages at the fair market value of the dog."

Instruction No. 8 given at the request of appellant is as follows: "If you find from the testimony in this case that the engineer and fireman in charge of defendant's passenger train No. 1, on the evening of September 18, 1939, were keeping a constant lookout ahead and gave the crossing signals for crossings south of the depot in DeQueen and that plaintiff's dog was not killed on September 18, 1939, you should find for the defendant."

These instructions are not conflicting because appellee alleged that his dog was killed on September 18, 1939, by appellant's passenger train about seven o'clock p. m. The proof sustained this allegation. In instruction No. 8 given at the request of appellant the court distinctly told the jury that unless appellee's dog was killed on September 18, 1939, by appellant's train they should find for appellant. Instruction No. 8 requested by appellee and given by the court did not tell the jury anything to the contrary.

No error appearing, the judgment is affirmed.